[No. 1514.]

JOHN RUSTON *v.* THE STATE.

PRACTICE—STATEMENT OF FACTS—CASE STATED.—An order allowing ten days after adjournment of court in which to prepare and file a statement of facts having been entered of record, the appellant's counsel prepared a statement, and on the day before the expiration of the time allowed he presented the same to the prosecuting attorney for his action. The prosecuting attorney declined to sign it, or to aid in making up a correct statement, whereupon the appellant's counsel presented the statement to the trial judge, who likewise declined to act upon it, or to make out and certify any statement of facts. *Held*, error, inasmuch as by such action the trial court deprived the appellant of a right he was legally entitled to.

APPEAL from the County Court of De Witt. Tried below before the Hon. J. D. Terry, County Judge.

The information charged the appellant and George Ruston, jointly, with the theft of property under the value of twenty dollars. A severance being had, the appellant was alone placed upon trial, convicted, and his punishment affixed at confinement in the county jail for thirty days and a fine of fifty dollars.

No brief for appellant has reached the Reporters.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE. By an order of the court, entered of record, after the conviction of defendant, and upon his notice of appeal to this court, the parties were allowed ten days from the adjournment of the court to make up, sign and file in the record a statement of facts. One day before the time thus allowed had expired, counsel for defendant presented to the county attorney a statement of facts made up by them for the action of said county attorney, but he declined to sign the same, or to take any action in relation thereto, or to aid in any manner in making up a statement of facts. Defendant's counsel on the same day presented their statement to the county judge who had tried the case, and he likewise declined to act upon the same, and declined to make up and certify any statement of facts, and the record is before us without any statement of facts, but with the foregoing showing accounting for its absence.

It appears from this statement that the defendant, without any fault or neglect on his part, or on the part of his counsel, has been deprived of a most important legal right, and such being the case, the judgment of conviction will be reversed and the cause remanded. (*Trammel* v. *The State*, 1 Texas Ct. App., 121; *Longley* v. *The State*, 3 Texas Ct. App., 611; *Babb* v. *The State*, 8 Texas Ct. App., 173.)

*Reversed and remanded.*