Opinion by
Watts, J.
§ 821. Statement of facts; failure of judge to prepare and file, ground for reversal, when; case stated. Appellee brought this suit in justice’s court to recover of appellant a Jersey sow, or her value, alleged to be $60. Appellee claimed that he had bought and paid for the sow, and that the same had been shipped to him by express; that he had tendered the express charges and demanded the property; that his demand was refused by the express company upon the ground that the property had been sold to appellant Hodges to pay express charges. Appellant pleaded his purchase of the property at a sale thereof to pay express charges; that said sale was made after appellee had refused to pay said charges and take said property, and was made with the knowledge and consent of appellee. In justice’s court appellee recovered judgment for the sow, valued at $60. Appellant appealed to th¿ county court. In the mean time the sow had pigs, and in the county court appellee amended his claim, alleging that the sow had six pigs, valued in the aggregate at $75. He recovered judgment in the county court for the sow and one pig, valued at $80, together with interest and costs. Ten days was allowed by order of the court to prepare and file a statement of facts. Counsel failing to agree upon a statement of the facts, furnished their respective statements to the judge, who, being otherwise engaged, failed to prepare and file a statement of facts within the ten days allowed therefor. Held: Without any fault of appellant or his counsel, he has been deprived of a valuable right. The law entitled him to a statement of facts, that the cause might be properly reviewed in the appellate court. Without such statement the questions presented by the assignment of errors cannot be passed upon by this court. Such failure to *728 prepare and file a statement of facts is good ground for a reversal of the judgment. [Ruston v. State, 15 Tex. Ct. App. 336.]
May 29, 1885.
§ 825. Amendment of cause of action in county court, on appeal from justice's court; enlargement of demand not new matter. There can be no question but that a new and independent cause of action could not be set up in the county court after appeal from justice’s court. But the amendment in this case does not violate this rule. The matter set up had no existence until after the appeal. It was the natural increase of the property pending the appeal, and was but an enlargement of the cause of action as stated in the original claim.
§ 8 2 6. Sale of property to pay carrier's charges; binding upon consignee of property, when. In reference to the sale of the sow to pay express charges, it may be remarked that the statute directs the manner in which such sales are to be made. [E. S. art. 288.] Ordinarily a substantial compliance with the statute would be essential to pass title, but if the consignee refused to accept the property upon due notice, and thereupon the consignor directed the company to sell it, in the absence of specific directions as to the manner in which the sale should be made, such direction to sell would only authorize a sale in the manner prescribed by statute. But if 'appellee consented to, or ratified the sale as made, he would not be heard to aver against it.
Eeversed and remanded.