### SOUTHERN INSURANCE CO. v. M. LEVY.

#### (No. 2050.)

APPEAL from Bowie County. Opinion by WILLSON, J.

ESTES & HENRY, counsel for appellant.

TODD & HUDGINS, counsel for appellee.

§ 29. *Statement of facts; sufficient diligence to obtain; failure of judge to file cause for reversal; case stated.* Judgment having been rendered against appellant, it made a motion for a new trial within the time allowed by law, which was heard and overruled on the same day that the court adjourned for the term. Immediately after said motion was overruled counsel for appellant prepared a statement of facts and presented the same to counsel for appellee for their agreement thereto; but counsel for appellee declining to agree to said statement, appellant's counsel, several hours before the adjournment

of the court, presented said statement to the judge, and requested him to prepare, sign and file in the case a proper statement of facts in the case. This the judge failed to do, but adjourned his court for the term, and without entering an order allowing a statement of facts to be filed in vacation. *Held,* error, for which the judgment must be set aside. Appellant has been deprived of a statement of facts without fault on its part. Its counsel used all the diligence required of them to obtain such statement. They were not required to prepare and present a statement of facts until after the case had been finally disposed of by the order overruling the motion for new trial. No reason whatever is disclosed for the failure of the judge to perform his plain and imperative duty in the matter. If the fact was that he did not have sufficient time before his term of court expired to discharge this duty, he should have entered an order allowing a statement of facts to be filed in vacation. He clearly had the power, of his own motion, to enter such an order. [R. S. art. 1379; Rushton v. State, 15 Tex. Ct. App. 336; 2 W. Con. Rep. § 824.]

November 18, 1885.   Reversed and remanded.